Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | CHAPTER 13 BANKRUPTCY |
| ) | |
| RAFAEL G. OLLOREN ) | CASE NO. 2-09-bk-17258-SSC |
| xxx-xx-9487 ) | |
| JEAN R. OLLOREN ) | TRUSTEE'S EVALUATION AND |
| xxx-xx-5814 ) | RECOMMENDATION(S) REPORT WITH |
| ) | NOTICE OF POTENTIAL DISMISSAL IF |
| ) | CONDITIONS ARE NOT SATISFIED |
| Debtor(s) ) | RE: CHAPTER 13 PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a.  Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b   <u>Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.</u>

c.  The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d   The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e.  The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

-1-

Trustee's Recommendation
Case #09-17258
Page 2. . . . . . .

f.  The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.  At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.  If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.  Interim Plan payments are current with payment of $255.00 due 11/22/2009.

2.  The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained on the petition date.

3.  Debtor(s) have received significant tax refunds for 2008 which if allowed to continue constitutes a diversion of disposable income. The Trustee requires Debtor to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly, and provide two consecutive pay stubs to verify this has been corrected, or <u>turn over tax returns and refunds beginning with 2009 through the duration of the Plan</u> as supplemental Plan payments.

4.  The proofs of claim filed by CitiMortgage and Wells Fargo (2nd on residence) differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires as to each claim that: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by December 10, 2009. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

5. The Plan proposes payment of a secured creditor to CitiFinancial who has filed no secured proof of claim. The Trustee requires that the Debtor(s) provide verification of the creditor's security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, Deed of Trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provides as follows: "The Trustee has authority to pay on the secured debt owed to CitiFinancial even though the creditor has filed no secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor". If the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed order confirming Plan **after** filing a motion and providing 25 days notice to the creditor of the intent to delete the proposed secured treatment from the Plan.

6. The Trustee requires Debtor to provide documented verification of the following expenses: Medical ($100.00), Charitable Contributions ($100.00---Debtors only contributed $25.00 in 2008—other contributions were personal clothing/shoes/etc), Homeowner's Ins. ($96.00—included in mortgage payment were Schedule J), Repair Ins. ($80.00), Business Expense ($190.00—no business income), Extended Day Care ($250.00—A parent resides with the Debtors—child is old enough to take care of herself w/supervision), Care for Elderly ($300.00), Tuition ($776.00), Recreation/YMCA ($276.00), College Fund ($100.00---this is a savings program and the Trustee objects), Cell/Misc. ($220.00) . The Trustee requires documented evidence for the past 12 months to justify these expenditures and <u>Debtors to provide justification.</u> Where the documentation fails to support the scheduled expense, the Trustee will require an Amended Schedule J. Any increase in disposable income must be turned over to the Plan.

   *Any documentation provided must be organized by category, month and legible.. Debtors are also obligated to justify the reason the Debtors can not sustain their living environment within the Trustee's guideline. If the Debtors fail to follow this guideline, the Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply.*

7. A parent is residing with the Debtors. However, this parent does not appear to be providing any contributions from the social security/disability income to the household. The Trustee requires justification of this issue, Schedule I to be amended, filed and copy provided to the Trustee.

8. Schedule I shows a 401(k) deduction for Debtor/wife. The two paystubs provided for July, 2009 do not include any deductions. The Trustee requires Schedule I to be amended, filed, copy provided to the Trustee and Plan payments increased accordingly.

9. The Trustee notes a discrepancy between Debtor-wife's Schedule I and pay stubs. Schedule I shows a monthly NET income of $2,808.18; whereas, Debtor's pay stub dated 7/30/09 shows a year-to-date NET income of $23,113.58 [w/o 401(k)] or a monthly average NET income of $3,129.96. The Trustee requires Debtor(s) to amend Schedule I incorporating all disposable income into funding the Plan

10. The Trustee requires copies of Debtors' two most recent consecutive paycheck stubs from each employer for each employed Debtor for verification of income and deductions

11. The Trustee notes that fees requested in the amount of $4,500.00 appears to be in excess of the customary rate charged for Chapter 13 Debtor representation in this District. Because the total fees requested exceed $4,000.00, counsel must file a separate application for approval of the fees requested. The application for fees must state the date the service was provided; detailing the service provided; the person doing the work; the time expended in doing that service and the billing rate for each person listed in the fee application.

12. Based upon prior performance, the Trustee conditionally objects to the fees requested by counsel for the debtor(s). The Trustee will withdraw the conditional objection upon confirmation of the debtor(s) plan with the following exceptions. If debtor(s) attorney fails to file all the required statements and schedules within the time set by the Code and any extension granted by the Court, the Trustee will request the Court approve a $750.00 reduction in the fees requested by counsel. The Trustee will request a further $750.00 reduction in attorney fees' if counsel for the debtor(s) fails to timely respond to the Trustee's Recommendation or submit a Stipulated Order Confirming case within the time set by the Trustee. The Trustee will have the conditional objection set for hearing if counsel for the debtor(s) fails to agree to the fee reductions. The conditional objection will not delay confirmation of debtor(s) case. The Trustee will hold funds for counsel until the Court rules on the Trustee's objection. All other monies will be disbursed in due course.

13. The Trustee's analysis reveals a $3,333.33 funding shortfall, which must be cured before the Plan can be confirmed.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney. If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current in Plan payments, resolve above item(s) #2 through 13 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**

Date See Electronic Signature Block

                                        Edward J. Maney, Trustee

1 | Copies of the foregoing
2 | mailed on this date See Electronic Signature Block to:
3 | Joseph Charles
4 | P. O. Box 1737
    | Glendale, AZ   85311
5 |
6 | Rafael and Jean Olloren
    | 8355 W. Shaw Butte Drive
    | Peoria, AZ   85345

_____